## Addendum A – Prior ADA Bias Claim in First Appeal (May 1, 2024 CBLE)

**Subject: Structural ADA Bias Raised in Initial Appeal**
**Submitted In Support Of: Motion for Equitable Injunctive Relief and Continuing Judicial Oversight**

**Statement of Record**

This record establishes that ADA bias in the May 1, 2024 Customs Broker Exam was first raised in Petitioner's original appeal. The objection was dismissed without remedy, constituting an ongoing violation of the ADA (42 U.S.C. § 12132) and the Fifth Amendment.

Discriminatory conduct within the Customs Broker Branch began as early as September 2023 and escalated to intentional score denial. The event on October 22, 2025 further confirms this as a systemic continuum of procedural and constitutional injury, not an isolated incident.

These facts support the need for equitable injunctive relief and judicial recognition of continuing harm.

Plaintiff previously submitted a formal appeal to U.S. Customs and Border Protection (CBP) following the May 1, 2024 Customs Broker License Examination (CBLE), expressly raising concerns of structural ADA bias in the design and phrasing of examination questions.

In the document titled "CBLE Appeal (May 2024) – Initial Filing – ADA & Content Complaint," Plaintiff wrote:

"Some questions were written in a way that was inherently discriminatory against those with disabilities impacting comprehension speed and structure parsing. This is a structural ADA barrier not addressed in exam creation."

**Plaintiff further specified:**

"Example: Question 16 and Question 44 both rely on convoluted phrasings and embedded clauses that penalize test-takers with ADA-recognized disabilities in information processing. The questions are not testing knowledge—they're testing neurotypical processing speed."

**Probative Summary**

This record establishes that the agency had direct and contemporaneous notice of accessibility concerns prior to any subsequent CBLE administration.

The appeal placed both CBP and PSI Services, LLC on written notice of a structural ADA violation, thereby triggering their legal obligation to engage in the interactive process under 28 C.F.R. § 35.130(b)(7).

No corrective action or dialogue occurred. Instead, the appeal was disregarded without meaningful review or remedial engagement.

This omission constitutes deliberate indifference under the Americans with Disabilities Act (42 U.S.C. § 12132) and a procedural due-process violation under the Fifth Amendment.

The persistence of these same barriers into the October 2025 examination demonstrates a continuing violation rather than an isolated administrative oversight.

### Addendum B – Preservation of Appellate Rights and Timely Re-Filing of Second Appeal (May 1, 2024 CBLE)

**Submitted in Support of: Motion for Equitable Injunctive Relief**
**Statement for Judicial Record:**

While awaiting a judicial determination on pending due process, ADA, and constitutional violations related to the May 1, 2024 Customs Broker License Examination, the Plaintiff is preserving the right to appeal administratively by re-submitting the Second Appeal in accordance with CBP Broker Branch instruction. The Second Appeal will be submitted on November 4, 2025, which is within the prescribed deadline of November 8, 2025.

To ensure verifiable proof of timely filing, the appeal will be submitted electronically and a backup copy will be mailed via USPS Certified Mail with return receipt requested. This dual submission process is adopted to protect against agency procedural irregularities and confirm compliance with CBP's stated policy for broker examination appeals.

This act of timely submission preserves the Plaintiff's access to the administrative process without prejudice to federal claims, and does not waive any constitutional, statutory, or injunctive relief sought in this proceeding.

### ADA Structural Bias as Continuing Injury

The structural ADA bias first raised in Petitioner's May 1, 2024 examination appeal was never acknowledged, investigated, or remedied. Since that time, the conduct of the Customs Broker Branch has escalated—from the denial of a passing score to the procedural interference recorded on October 22, 2025. These are not isolated errors, but evidence of a continuing and discriminatory administrative pattern in violation of 42 U.S.C. § 12132 and the Fifth Amendment.

The injury sustained is tantamount to employment discrimination, where institutional bias obstructs lawful licensure, professional access, and advancement. Such denial, when directed at a qualified individual based on disability and maintained over time, constitutes retaliatory neglect

and selective enforcement. These accumulated harms satisfy the standard for judicial review and injunctive relief, confirming that the injury is both constitutional and ongoing.

**Chronology of Escalating Civil Rights Violations**

The initial ADA appeal was filed immediately following the May 1, 2024 Customs Broker License Examination and was formally denied by the CBP Broker Management Branch on September 9, 2025 — fourteen months later. This extended lapse demonstrates the absence of timely administrative review and reinforces the continuity of ADA non-compliance.

Accordingly, this record holds substantial probative value in establishing prior notice, ongoing discrimination, and institutional disregard for federally mandated accommodation standards.

**Certification**

Submitted as a true and accurate restatement of Plaintiff's original 2024 ADA appeal text and accompanying assertions for evidentiary inclusion and judicial consideration.

Respectfully submitted,

Manonda Grace Lattimore
Plaintiff, Pro Se
P.O. Box 2743 #2007002
Carson City, NV 89702
Email: manondalattimore@gmail.com
Tel: (702) 249-0117
Dated: October 30, 2025