UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MANONDA GRACE LATTIMORE, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action 25-cv-13248-IT |
| | * | |
| U.S. Customs and Border Protection (CBP), et al., | * | |
| | * | |
| | * | |
| Defendants. | | |

MEMORANDUM AND ORDER

January 30, 2026

TALWANI, D.J.

Plaintiff Manonda Grace Lattimore, proceeding *pro se*, initiated this action by filing a Complaint [Doc. No. 1], a Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2], and ten other motions.[1] Lattimore subsequently filed another complaint,[2] see Amended Complaint [Doc. No. 15], and four additional motions.[3] Plaintiff also filed a Notice of Corrected Caption [Doc.

---

[1] See Motion for Certification under 28 U.S.C. 1292(b) [Doc. No. 3]; Motion for Court-Supervised Equitable Relief and Judicial Oversight of Compliance [Doc. No. 4]; Motion for Equitable Injunctive Relief [Doc. No. 5]; Motion for Judicial Finding and Expungement of Defamatory Allegations [Doc. No. 6]; Motion-Notice of Pro Se Representation and Request for Procedural Access under the ADA [Doc. No. 7]; Motion to Disqualify DOJ, DHS and U.S. Attorney [Doc. No. 8]; Motion to Schedule In-Person Status Conference and Evidentiary Hearing [Doc. No. 10]; Standing Motion to Compel Production of Intelligence or Investigative Records for in Camera Judicial Review [Doc. No. 11]; Standing Motion to Strike Federal Counsel Entry of Appearance [Doc. No. 12], and Standing Motion Duty of Candor and Conflict Disclosure [Doc. No. 13].

[2] Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiffs may amend their unserved complaints once as a matter of course. See Fed. R. Civ. P. 15(a)(1). An amended complaint normally becomes the operative pleading and replaces an original complaint. Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011).

[3] See Motion to Place Criminal Claims on Record [Doc. No. 21], Motion to Compel [Doc. No. 22], Motion for Injunctive and Protective Relief [Doc. No. 23], and Motion to Strike Addendum B from the Record [Doc. No. 24].

No. 20] "objecting that the caption, as entered by the clerk's office, "improperly designates 'FBI et al.' as the primary defendant," where Plaintiff alleges that "U.S. Customs and Border Protection (CBP) is the operative agency defendant . . . as it holds direct statutory authority over the Customs Broker License Examination, ADA compliance obligations, and related contractor oversight."[4]

Upon review Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. No. 2], the court concludes that Plaintiff has not adequately demonstrated that she is without income or assets to pay the $405 filing fee.

To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of h[er] poverty pay or give security for the costs [inherent in litigation] and still be able to provide h[er]self and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). One does not have to be "absolutely destitute" to proceed in forma pauperis, but must show that the litigant cannot pay the filing fee and enjoy the necessities of life. Id.

In her application, Plaintiff indicates that she is employed and has money in cash or a bank account. She also owns a car. She discloses a mortgage payment as part of her monthly expenses; however, she has not listed any corresponding real property in response to Question 5 concerning ownership of things of value. On this financial record, Plaintiff has not demonstrated that she cannot afford the filing fee and still pay for the necessities of life.

---

[4] Pursuant to this notice [Doc. No. 20] and consistent with the Amended Complaint [Doc. No. 15], the clerk is directed to correct the caption of this matter on the docket.

Accordingly, the court DENIES the motion for leave to proceed *in Forma Pauperis*. If Plaintiff wishes to proceed with this action, she shall, within twenty-eight (28) days from the date of this Order, either (i) pay the $405.00 filing fee to the Clerk of Court, or (ii) submit a new motion for leave to proceed *in forma pauperis* demonstrating that she cannot pay the filing fee while still being able to provide herself with the necessities of life.[5] Failure to do so may result in dismissal of this action.

**In accordance with the foregoing, the Court hereby orders:**

1.  The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is DENIED WITHOUT PREJUDICE. Plaintiff shall, within twenty-eight (28) days from the date of this Order, either (i) pay the $405.00 filing fee to the Clerk of Court, or (ii) submit a new motion application demonstrating that she cannot pay the filing fee while still being able to provide herself with the necessities of life. Failure to do so may result in dismissal of this action.

2.  The Court denies without prejudice the Motion for Certification under 28 U.S.C. 1292(b) [Doc. No. 3], Motion for Court-Supervised Equitable Relief and Judicial Oversight of Compliance [Doc. No. 4], Motion for Equitable Injunctive Relief [Doc. No. 5], Motion for Judicial Finding and Expungement of Defamatory Allegations [Doc. No. 6], Motion-Notice of Pro Se Representation and Request for Procedural Access under the ADA [Doc. No. 7], Motion to Disqualify DOJ, DHS and U.S. Attorney [Doc. No. 8], Motion to Schedule In-Person Status

---

[5] If Plaintiff is granted leave to proceed *in forma pauperis*, the court will screen the Amended Complaint [Doc. No. 15] before issuing summons and may dismiss the complaint as a whole or any claim that fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). As to Plaintiff's primary issues regarding the Customs Broker License Examination, the court notes that it does not have jurisdiction to review decisions concerning a customs broker license because "[t]he Court of International Trade shall have exclusive jurisdiction of any civil action commenced to review ... any decision of the Secretary of the Treasury to deny a customs broker's license." 28 U.S.C. § 1581(g)(1).

Conference and Evidentiary Hearing [Doc. No. 10], Standing Motion to Compel Production of Intelligence or Investigative Records for in Camera Judicial Review [Doc. No. 11], Standing Motion to Strike Federal Counsel Entry of Appearance [Doc. No. 12], Standing Motion Duty of Candor and Conflict Disclosure [Doc. No. 13], Motion to Place Criminal Claims on Record [Doc. No. 21], Motion to Compel [Doc. No. 22], Motion for Injunctive and Protective Relief [Doc. No. 23], and Motion to Strike Addendum B from the Record [Doc. No. 24].

       3.       Summons shall not issue pending resolution of the filing fee.

       SO ORDERED.

                                                      /s/ Indira Talwani
January 30, 2026                                  UNITED STATES DISTRICT JUDGE